**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                              :
TRACY BARCO,                          :         Civil Action No. 12-3226 (MAS)
                                              :
    Plaintiff,                         :
                                              :
  v.                                       :         **MEMORANDUM & ORDER**
                                              :
NEW JERSEY DIVISION OF YOUTH  :
& FAMILY SERVICES, et al.,           :
                                              :
    Defendants.                      :
_____:

    This matter comes before the Court on Defendants New Jersey Division of Youth & Family Services' ("Defendants") Motion to Stay all proceedings pending the outcome of arbitration proceedings [dkt. no. 24]. Plaintiff Tracy Barco ("Plaintiff") opposed the Motion [dkt. no. 28].

**I.    INTRODUCTION**

    Plaintiff alleges she was wrongfully terminated from her employment with the Division of Youth and Family Services ("DYFS"). Plaintiff's employment was governed by a collective negotiation agreement ("Union Contract"). When Plaintiff filed a grievance, her case was sent to arbitration pursuant to provisions in the Union Contract. On December 4, 2012, Plaintiff filed an Amended Complaint alleging that her employment with DYFS was wrongfully terminated in violation of the Title VII, 42 U.S.C. § 1983, 42 U.S.C. § 1981, the New Jersey Law Against Discrimination ("LAD"), and the New Jersey Conscientious Employee Protection Act ("CEPA") [dkt. no. 14].

## II. ARGUMENT

Defendants acknowledge that a decision to stay proceedings is in the sound discretion of the Court. Defs.' Br. at 3. However, Defendants argue that this case is not ripe for adjudication until the facts have been further developed through the arbitration process. Id. at 4. Further, Defendants argue that a public employee must exhaust the administrative remedies provided in the grievance procedures before seeking judicial review. Id. Finally, Defendants claim Plaintiff is a party to the arbitration and that the arbitrator's decision will have a "determinative effect" on the most significant adverse employment action alleged in Plaintiff's Complaint. Id. at 1.

Plaintiff, on the other hand, argues that the she is not a party to the arbitration and any decision by the arbitrator in the matter between the Union and the State will not have any bearing on the claims asserted against Defendants before this Court. Pl.'s Opp. Br. at 1. Moreover, Plaintiff maintains the arbitration proceedings amount to nothing but a delay tactic that does not promote judicial economy. Id. at 2.

## III. DISCUSSION

It is well-settled that a "United States district court has broad power to stay proceedings." Bechtel Corp. v. Laborers' International Union, 544 F.2d 1207, 1215 (3d. Cir. 1976). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Id. (see also American Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)). "It is

well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity', if there is 'even a fair possibility' that the stay would work damage on another party." Gold v. Johns-Mansville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) (citing Landis v. North American Co., 299 U.S. 248, 255 (1936)).

In this case, Defendants have failed to adequately demonstrate why a stay is needed. Indeed, Defendants do not state how going forward with this case would cause any hardship at all. Rather, Defendants argue that this case is not ripe for judicial resolution until the facts are developed through the arbitration process.

The Court does not share Defendants' view. Defendants overestimate the substantive assistance the arbitration process will provide. Contrary to Defendants' position, it does not appear that the arbitration will have any significant bearing on the Court's analysis of Plaintiff's statutory claims. See Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 78-79 (1998) ("The dispute in the present case, however, ultimately concerns not the application or interpretation of any CBA, but the meaning of a federal statute."). And, given the indefinite nature of the arbitration, staying the proceedings in this case may cause significant delay. The Court, therefore, concludes that a stay is inappropriate.

## IV. CONCLUSION & ORDER

For the reasons stated herein,

**IT IS** on this 1st day of July, 2013,

**ORDERED** that Defendants' Motion to Stay all proceedings in this action pending the outcome of arbitration is **DENIED**.

s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**